Nathan P. PHILIPELLO and Shari
K. Philipello, Appellants,

v.

The NELSON FAMILY FARMING
TRUST, Appellee.

No. 14–10–00026–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 16, 2011.

Jay B. Goss, Bryan, for appellants.

Terrance D. Dill Jr., College Station, for
appellee.

Panel consists of Justices ANDERSON,
FROST, and BROWN.

## OPINION

KEM THOMPSON FROST, Justice.

Landowners-grantees challenge a sum-
mary judgment in which the trial court
construed a deed as reserving to the
grantor for a period of ten years one-
eighth of the royalty in oil, gas, or other

minerals in and under the land conveyed in the deed. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute over the construction of language in a deed regarding a reservation of a royalty interest. In the deed in question ("Deed"), appellee The Nelson Family Farming Trust ("the Nelson Trust") conveyed to appellants Nathan P. and Shari K. Philipello (collectively "the Philipellos") approximately 110.26 acres of land in Robertson County, Texas (the "Property"), subject to (1) all previous mineral and royalty reservations, (2) a reservation of royalty in favor of the Nelson Trust, and (3) various exceptions to the conveyance.

In 1982, Bill W. and Velma Clements (the "Clementses") conveyed an undivided one-half mineral interest collectively in the Property to their two sons, Billy Clements and Larry Clements, with each son receiving an undivided one-fourth interest. In 1991, the Clementses conveyed land, including the Property, to the Nelson Trust. In July 2001, the Nelson Trust executed the Deed.

In another lawsuit, the parties are litigating whether, under the Deed, the Nelson Trust conveyed to the Philipellos a one-fourth interest or a one-half interest in the minerals under the Property. It is undisputed that, when it executed the Deed, the Nelson Trust owned at least a one-fourth interest in the minerals under the Property and that the Nelson Trust did not own all of the minerals under the Property.

In the trial court, the Nelson Trust, the Philipellos, and others were named as defendants in a declaratory-judgment action regarding the ownership of a disputed interest in the minerals under the Property and other land. The Nelson Trust filed a cross-petition against the Philipellos seeking a declaratory judgment regarding the proper construction of language in the Deed in which the Nelson Trust reserves a term royalty interest. The Nelson Trust asserted that, under the unambiguous language of the Deed, the Nelson Trust reserved for itself, for a period of ten years, one-eighth of the royalty in oil, gas, or other minerals in and under the Property. The trial court granted the Nelson Trust's motion for summary judgment and declared that under the Deed the Nelson Trust reserved to itself, for a period of ten years (from July 26, 2001 through July 26, 2011), one-eighth of the royalty in oil, gas, or other minerals in and under the Property. The trial court severed this partial summary judgment, making the judgment final.

### ANALYSIS

In a single issue, the Philipellos assert that the trial court erred in ruling as a matter of law that the Nelson Trust reserved a royalty in the entire Property. Declaratory judgments that are decided by summary judgment are reviewed under the same standards that govern summary judgments generally. *See Lidawi v. Progressive Cnty. Mut. Ins. Co.*, 112 S.W.3d 725, 730 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex.2007).

The body of the Deed comprises less than two pages. Following recitations of the Deed's date and consideration and identification of the Grantor and Grantees, the Deed contains the following language:

Property (including any improvements): BEING 110.26 acres of land, more or less, [the Deed then describes the Property in various ways including by metes and bounds].

This Deed is subject to all previous mineral and/or royalty reservations.

Reservations from Conveyance: SAVE AND EXCEPT and there is hereby reserved for Grantor and Grantor's heirs, administrators, successors or assigns, for a period of ten (10) years from the date of this conveyance, one-eighth (1/8) of the royalty in oil, gas and other minerals in and under and that may be produced with the oil and gas. At the expiration of such ten (10) year period, the entire royalty estate reserved herein shall revert to and be owned by Grantees, their heirs and assigns.

The Deed then (1) lists various exceptions to the conveyance and warranty, and (2) sets forth the warranty of title. The Deed states that the Nelson Trust is conveying the Property subject to prior reservations of mineral or royalty interests. The Deed does not contain any reference to the Nelson Trust's interest in the minerals under the Property, which the Nelson Trust conveyed to the Philipellos in the Deed.

■ In this case, the sole issue on appeal is the construction of the reservation in the Deed. The Philipellos assert that, under the unambiguous language of the Deed, the Nelson Trust reserved, for a period of ten years, one-eighth of the royalty of the one quarter or one half "of the minerals that it owned prior to the conveyance to [the Philipellos]." The Nelson Trust argues the trial court correctly construed the unambiguous language of the

Deed to reserve to the Nelson Trust, for a period of ten years, one-eighth of the royalty in oil, gas, or other minerals in and under the entire Property.

■ The construction of an unambiguous deed is a question of law for the court. *Luckel v. White*, 819 S.W.2d 459, 461 (Tex.1991). In construing deeds, our primary objective is to ascertain the intent of the parties from all of the language in the deed. *See id.* To ascertain the parties' true intention, we examine all of the deed's language. *Id.* That intention, when ascertained, prevails over arbitrary rules of construction. *Id.* at 462.

Two lines of cases potentially could apply to a reservation of a mineral interest or royalty in a deed in which the grantor owns an undivided, fractional mineral interest. In one line of cases, the deed contains language stating that the mineral interest or royalty applies to the oil and gas in and under the property conveyed in the deed. *See Averyt v. Grande, Inc.*, 717 S.W.2d 891, 893 (Tex.1986); *Hooks v. Neill*, 21 S.W.2d 532, 538 (Tex.Civ.App.-Galveston 1929, writ ref'd). In these cases, courts hold that the fraction in the reservation modifies the undivided, fractional mineral interest conveyed by the grantor in the deed. *See Averyt*, 717 S.W.2d at 893; *Hooks*, 21 S.W.2d at 538–39.

In the other line of cases, the deed contains language stating that the mineral interest or royalty applies to the oil and gas in and under the property described in the deed, and the property described in the deed is the entire tract of land. *See Averyt*, 717 S.W.2d at 893; *King v. First Nat'l Bank of Wichita Falls*, 144 Tex. 583, 192 S.W.2d 260, 262 (1946). In these cases, courts hold that the fraction in the reservation modifies the entire tract, even though a fractional mineral interest is be-

ing conveyed in the deed. *See Averyt*, 717 S.W.2d at 893; *King*, 192 S.W.2d at 262–63.

Neither of these lines of cases applies to the Deed in the case under review. In the pertinent part of the reservation, the Nelson Trust states that it reserves "one-eighth (1/8) of the royalty in oil, gas and other minerals in and under and that may be produced with the oil and gas." The reservation does not expressly state that the oil, gas and other minerals are in and under the property conveyed or the property described. The parties have not cited and research has not revealed any case in which the court construed a reservation with the same or similar language.

We conclude that it is reasonable to construe the oil, gas, and other minerals as referring to the oil, gas, and other minerals in and under the Property. Shortly before the reservation paragraph, the Deed contains a paragraph with a detailed description of the Property. But, the Deed does not contain a statement or description of the fractional mineral interest that the Nelson Trust is conveying to the Philipellos.[1] In this context, we conclude that it is not reasonable to construe the oil, gas, and other minerals as referring to the oil, gas, and other minerals in and under the undivided, fractional mineral interest conveyed by the Nelson Trust in the Deed. Therefore, under the Deed's unambiguous language, the Nelson Trust reserved for itself, for a period of ten years, one-eighth of the royalty in oil, gas, or other minerals in and under the Property.

The Philipellos assert that when the Nelson Trust executed the Deed, the Nelson Trust owned either an undivided one-quarter or an undivided one-half of the minerals under the Property. The Philipellos assert that, in either event, the Nelson Trust did not own the remainder of the minerals and therefore could not reserve to itself a royalty in oil, gas, or other minerals in and under mineral interests that the Nelson Trust did not own. The only authority the Philipellos cite that supports this argument is Justice Kilgarlin's dissenting opinion in the *Averyt* case. *See Averyt*, 717 S.W.2d at 895–901 (Kilgarlin, J., dissenting). The Philipellos' argument is contrary to the majority opinion in *Averyt*, which is binding on this court. *See id.* at 893–95. Therefore, we reject this argument.[2]

Finally, the Philipellos argue that their construction of the Deed must be adopted under various canons of construction, including the canon that any doubts regarding the proper construction of a deed should be resolved against the grantor. But this court has determined that the Deed is unambiguous and that this court can determine the intent of the parties from the language used in the Deed. In this situation, there is no need to apply canons of construction. *See Luckel*, 819 S.W.2d at 461–62; *Harris v. Windsor*, 156 Tex. 324, 294 S.W.2d 798, 800 (1956); *Cherokee Water Co. v. Freeman*, 33 S.W.3d 349, 353 (Tex.App.-Texarkana 2000, no pet.). Because there is no ambiguity in the language in question, there is no doubt

1. In the Deed, the Nelson Trust states that it is conveying the Property, subject to all previous mineral and royalty reservations and subject to several express exceptions to the conveyance.

2. The Philipellos also argue that the language in the Deed is materially different from the language at issue in the *King* line of cases discussed above. *See Averyt*, 717 S.W.2d at 893; *King*, 192 S.W.2d at 262–63. We agree with this argument, but the inapplicability of this line of cases does not speak to what the result should be in the case under review.

to resolve against the Nelson Trust as grantor.

CONCLUSION

Under the applicable standard of review, the trial court did not err in granting summary judgment in favor of the Nelson Trust. Accordingly, we overrule the Philipellos' sole appellate issue and affirm the trial court's judgment.