

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00217-CV

| | |
|---|---|
| FARM & RANCH INVESTORS, LTD. | APPELLANT |
| V. | |
| TITAN OPERATING, L.L.C.; BRUCE D. PFAFF; TERESA M. WALTER; DAVID NOVOTNY; DENNIS J. FEGAN II; MICHAEL C. AND KRIS ALJOE; JEFFREY J. AND DIANE S. BRUNDAGE; JOHN T. EUBANKS FAMILY LIVING TRUST; CHRISTOPHER M. AND NANCY L. HOLLOWAY; C.E. BYE AND SANDRA J. BYE | APPELLEES |

----------

## FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellant Farm & Ranch Investors, Ltd. appeals the trial court's grant of summary judgment in favor of appellees Titan Operating, L.L.C. and individual lot owners Bruce D. Pfaff, Teresa M. Walter, David Novotny, Dennis J. Fegan II,

Michael C. and Kris Aljoe, Jeffrey J. and Diane S. Brundage, John T. Eubanks Family Living Trust, Christopher M. and Nancy L. Holloway, and C.E. Bye and Sandra J. Bye (collectively, the lot owners).  We affirm.

**Background Facts**

Caldwell's Creek, Ltd. was the owner of roughly sixty acres of land in Colleyville known as the Caldwell's Creek Addition.  In 1994, Caldwell's Creek, Ltd. recorded a dedication and restrictions for the land in the deed records.[1]  One of the restrictions stated, "No oil drilling, oil development operations, oil refining, quarrying or mining operations of any kind shall be permitted upon or on any lot. All mineral rights shall belong and shall continue to belong to the limited partnership of Caldwell's Creek, LTD."

After the restrictive covenants were recorded, Caldwell's Creek, Ltd. divided the land into lots and sold the lots to individual owners.  Caldwell's Creek, Ltd. executed the first of the nine deeds at issue in 1994 and the last in 1999. The warranty deeds that conveyed the property to the individual owners stated, "This conveyance is made subject to any and all easements, restrictions, and

---

[1]The dedication stated,

All utility, sanitary sewer service, and emergency access easements are hereby dedicated to the Public unless specifically stated otherwise in the granting instruments filed of record. However, Common Areas, and Common Area Access Easements shall be for the use of the Lot Owners encompassed herein and shall not be construed as being for the use of the general public unless expressly stated in the granting instrument.

2

mineral reservations affecting said property that are filed for record in the office of the County Clerk of Tarrant County, Texas." The deeds did not contain a separate reservation of the mineral interest. In October 2005, Caldwell's Creek, Ltd. purported to convey all of the oil, gas, and mineral rights to Farm & Ranch by special mineral deed. Caldwell's Creek, Ltd. believed it had retained the mineral rights to the Caldwell's Creek Addition based on the recorded restrictions and the statement in the lot owners' deeds that conveyed the property subject to any recorded restrictions.

Farm & Ranch joined an organization of property owners in Colleyville called the Colleyville Area Mineral Rights Association (CAMRA) to negotiate mineral leases. In 2008, CAMRA negotiated on behalf of Farm & Ranch for a mineral lease with Titan. Titan ultimately decided that Farm & Ranch did not hold the mineral rights to the Caldwell's Creek Addition and refused to sign the CAMRA lease. Instead, Titan contracted with the nine lot owners individually.

Titan then filed suit against Farm & Ranch seeking a declaratory judgment that it owns the mineral rights to the nine lots in the Caldwell's Creek Addition. Farm & Ranch counterclaimed for breach of contract. The nine lot owners were later added to the case as third party defendants. They also filed a claim for declaratory judgment. All parties then filed motions for summary judgment on their respective claims. After a hearing, the trial court granted Titan's motion and denied Farm & Ranch's motion, and it declared, "Titan owns fee simple determinable title to the minerals under these nine subject lots in the Caldwell['s]

3

Creek subdivision pursuant to its oil and gas leases . . . ."[2]  Farm & Ranch appealed.

## Standard of Review

We review a summary judgment de novo.  *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented.  *Mann Frankfort*, 289 S.W.3d at 848; *see Myrad Props., Inc. v. Lasalle Bank Nat'l Ass'n*, 300 S.W.3d 746, 753 (Tex. 2009).  The reviewing court should render the judgment that the trial court should have rendered.  *Mann Frankfort*, 289 S.W.3d at 848.

---

[2]The order did not grant the lot owners' motion for summary judgment. However, the lot owners sought essentially the same declaratory judgment as Titan, and on appeal, they joined in and adopted Titan's brief.

## Deed Construction

Deeds are construed to convey to the grantee the greatest estate possible. *Reeves v. Towery*, 621 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1981, writ ref'd n.r.e.) (citing *Waters v. Ellis*, 158 Tex. 342, 347, 312 S.W.2d 231, 234 (1958)). A general warranty deed conveys all of the grantor's interest unless there is language in the instrument that clearly shows an intention to convey a lesser interest. *Id.* (citing *Cockrell v. Gulf Sulphur Co.*, 157 Tex. 10, 15, 299 S.W.2d 672, 675 (1957)). A reservation by implication in favor of the grantor is not favored by courts. *Sharp v. Fowler*, 151 Tex. 490, 494, 252 S.W.2d 153, 154 (1952); *Reeves*, 621 S.W.2d at 212.

## Discussion

In Farm & Ranch's sole issue on appeal, it argues that the deed restrictions reserved the mineral rights to Caldwell's Creek, Ltd. and that the statement in the lot owners' deeds that conveyed the property subject to any recorded restrictions means that Caldwell's Creek, Ltd. conveyed only the surface estate to the lot owners.

At the time that Caldwell's Creek, Ltd. filed the restrictions, it owned both the mineral and surface rights to the Caldwell's Creek land. An owner cannot reserve to himself an interest in property that he already owns, *see Reeves*, 621 S.W.2d at 213, and the restrictions did not convey any surface or mineral estates to another party, *see Moser v. U.S. Steel Corp.*, 676 S.W.2d 99, 101 (Tex. 1984) ("In Texas, the mineral estate may be severed from the surface estate by a grant

5

of the minerals in a deed or lease, or by reservation in a conveyance."). Thus, the restrictions were not a reservation of the mineral rights by Caldwell's Creek, Ltd.[3] The trial court so found in its grant of declaratory relief.

Farm & Ranch does not directly challenge the trial court's finding but instead argues that the restrictions and the deeds "must be read as an integrated instrument of conveyance . . . ." The deeds state, "This conveyance is made subject to any and all easements, restrictions, and mineral reservations affecting said property that are filed for record in the office of the County Clerk of Tarrant County, Texas." Farm & Ranch argues that this "subject to" language imports the language of the restrictions into the deed and is constructive notice of the restrictions. See Tex. Prop. Code Ann. § 13.002 (West 2004) ("An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument."); Westland Oil Dev. Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 908 (Tex. 1982) ("It is well settled that 'a purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims.'") (quoting Wessels v. Rio Bravo Oil Co., 250 S.W.2d 668 (Tex. Civ. App.—Eastland 1952, writ ref'd)). But if the lot owners had looked back to the restrictions, they would only have found an affirmative statement that Caldwell's

---

[3]We further note that the restrictions were subject to change by a vote of 70% of the lot owners. To construe the restriction as a reservation of the mineral rights would mean that the lot owners could vote to divest Caldwell's Creek, Ltd. of its mineral rights simply by voting it to themselves.

Creek, Ltd. did indeed own the mineral rights in fee simple and were thus able to convey them to the lot owners.

Farm & Ranch argues that the phrase "shall continue to belong" "serves as a clear reservation of mineral rights" in attempt to distinguish this case from *Reeves*, in which the failed attempt at a reservation was a plat showing the conveyed property with a portion marked "Reserved by Owner." *See Reeves*, 621 S.W.2d at 210. It contends that the restrictions in this case are distinguishable because "shall continue to belong" is a future-looking statement that, once read into a deed at a later date, "can only mean that we're reserving it each and every time that we issue a deed in reference to or subject to those restrictions." This argument first neglects both that the restrictions are neither a lease nor an instrument of conveyance, and thus, cannot reserve an interest, s*ee Moser*, 676 S.W.2d at 101, and that an owner cannot reserve to himself an interest that he already owns, *Reeves*, 621 S.W.2d at 213. Farm & Ranch cites no case holding that a statement that does not rise to a reservation retroactively transmutes into a reservation when referenced in a later deed, nor do we believe it to be so. A reservation must be made at the time of the conveyance or lease. *See id.* at 212 ("It is fundamental that a general warranty deed conveys all of the interest that a grantor has in the land described therein unless there is language *in the instrument* which clearly shows an intention to convey a lesser interest, and there is not reserved to the grantor any interest in the land conveyed, absent

7

a clear and unequivocal intent to do so *which is expressed in the deed itself*.") (emphasis added).

Second, we do not believe that the phrase "shall continue to belong" can only be interpreted as a future reservation. The trial court correctly interpreted it to mean that nothing in the restrictions and reservations deprived Caldwell's Creek, Ltd. of its ownership of the mineral rights in the property. Thus, Caldwell's Creek, Ltd. continued to possess the mineral rights and was therefore able to convey them in future deeds.

Turning to the language of the deeds conveying the property to the lot owners, Farm & Ranch does not argue that anything in the deeds' language is a separate reservation of mineral interests in the deeds, only that the provision that made the conveyance "subject to any and all easements, restrictions, and mineral reservations affecting said property that are filed for record in the office of the County Clerk of Tarrant County, Texas" reads the language of the restrictions into the deeds. As stated above, a general warranty deed conveys all of the grantor's interest unless there is language in the instrument that clearly shows an intention to convey a lesser interest. *Waters*, 158 Tex. at 347, 312 S.W.2d at 234; *Reeves*, 621 S.W.2d at 212. The "subject to" language in the lot owners' deeds is not a clear intention to reserve or except an interest from the conveyance. *See Wright v. E.P. Operating L.P.*, 978 S.W.2d 684, 688 (Tex. App.—Eastland 1998, pet. denied) (construing similar language as a limitation of warranty).

8

In *Wright*, Wright, the owner of a tract of land, executed a deed of trust pledging both his surface and mineral rights as collateral on a loan. *Id.* at 685. Oliver later assumed Wright's loan in an agreement that expressly reserved the mineral rights to Wright. *Id.* The bank approved the assumption and reservation, and it also agreed not to foreclose on the minerals should Oliver default on his payments. *Id.* When Oliver defaulted on the loan, the bank erroneously foreclosed on both the surface and the minerals. *Id.* at 686. The bank's successor in interest (Oregon) later conveyed its interest by special warranty deed that included language stating the conveyance was "subject and subordinate to . . . [a]ny and all valid and subsisting leases, reservations, [and] severances of any and all oil, gas[,] and minerals . . . which are presently of record . . . including, without limitation, that certain reservation of all oil, gas[,] and minerals . . . reserved by [Wright]." *Id.* Our sister court held, as a matter of law, that

> [t]he language stating that the conveyances were made *subject to any and all reservations* . . . does not reserve any mineral interest in Oregon's predecessors in title, but rather recognizes that reservations have been made in the past and are in the chain of title. This language is more in the form of limiting the warranty than reserving an interest.

*Id.* at 688. The court recognized that all the parties agreed that Oregon intended to reserve the mineral rights, but it noted that the court's duty is to "ascertain what the language of the instrument says, not what the parties meant for it to say." *Id.*; *see also Reeves*, 621 S.W.2d at 211 ("The question to be answered in

9

this case is not what the grantors may have intended to say in the deed, but the meaning of what they did, in fact, say.").

Farm & Ranch argues that this construction renders the clause a nullity. We do not believe the "subject to" language is null, but it is a limitation of the warranty. *See Wright*, 978 S.W.2d at 688; *see also Averyt v. Grande, Inc.*, 686 S.W.2d 632, 634 (Tex. App.—Texarkana 1984) (citing *Kokernot v. Caldwell*, 231 S.W.2d 528 (Tex. Civ. App.—Dallas 1950, writ ref'd)) ("As used in conveyances, 'subject to' is a term of qualification and not of contract."), *aff'd*, 717 S.W.2d 891 (Tex. 1986). That is, the "subject to" language serves to protect Caldwell's Creek, Ltd.'s warranty. *See Tex. Indep. Exploration, Ltd. v. Peoples Energy Prod.-Tex., L.P.*, No. 04-07-00778-CV, 2009 WL 2767037, at *5 (Tex. App.—San Antonio Aug. 31, 2009, no pet.) (mem. op.) ("The principal function of a 'subject to' clause is to protect a grantor against a breach of warranty claim. Conveying land 'subject to' defined interests is merely a means of providing notice of outstanding interests that may affect a grantee's title.") (citations omitted); *Averyt*, 686 S.W.2d at 634 ("This clause ['less, however, and subject to'] limits the granting or conveyance of the mineral interest from Grande, Inc. to the Fogelmans, thereby protecting the general warranty in the deed and avoiding an estoppel situation . . . ."). As our sister court explained in *Stewman Ranch, Inc. v. Double M. Ranch, Ltd.*, 192 S.W.3d 808, 811 (Tex. App.—Eastland 2006, pet. denied) (citations omitted),

10

> The warranty clause does not convey title nor does it determine the character of the title conveyed. Rather, it warrants that the same estate or any right, title, or interest therein has not been conveyed to any person other than the grantee and that the property is free from encumbrances.

*See also Petro Pro, Ltd. v. Upland Res., Inc.*, 279 S.W.3d 743, 750 (Tex. App.—Amarillo 2007, pet. denied) (noting that phrase "insofar and only insofar," "[l]ike the phrase 'subject to,'" does not serve to limit the rights conveyed or to reserve any rights).

Thus, while Caldwell's Creek, Ltd. may have intended to reserve the mineral rights, it did not effectively do so. *See Johnson v. Conner*, 260 S.W.3d 575, 578 (Tex. App.—Tyler 2008, no pet.) (holding that deed conveyed all mineral interests, despite any intent not to do so, when it stated that "[n]one of the [mineral, water, royalty, timber, or other interests] are available to be conveyed" because that language was not an explicit reservation). When Caldwell's Creek, Ltd. conveyed its interests to the lot owners without reservation, it conveyed its interests in both the mineral and surface. It conveyed those interests subject to the previously recorded restrictions, but those restrictions were insufficient to reserve the mineral interests. *See Miller v. Melde*, 730 S.W.2d 12, 13 (Tex. App.—Corpus Christi 1987, no writ) (holding that a deed noting that prior conveyances reserved and excepted interests in the mineral estate conveyed the entire interest when there were no prior conveyances). The mineral interest thus passed to Titan, not to Farm & Ranch. The trial court did

not err by granting Titan's motion for summary judgment and denying Farm & Ranch's motion for summary judgment.  We overrule Farm & Ranch's sole issue.

### Conclusion

Having overruled Farm & Ranch's sole issue, we affirm the trial court's judgment.


                                        LEE GABRIEL
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DELIVERED:  May 17, 2012