ACCEPTED
13-14-00623-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/16/2015 5:20:29 PM
CECILE FOY GSANGER
CLERK

CASE NO. 13-14-00623-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/16/2015 5:20:29 PM
CECILE FOY GSANGER
Clerk

G. W. KOLSTAD AND WILLIAM FRASER,
*APPELLANTS*

v.

MARY JUNE OWEN MERRELL,
*APPELLEE*

APPEAL FROM THE
156TH JUDICIAL DISTRICT COURT
LIVE OAK COUNTY, TEXAS
Cause No. L-13-0197-CV-B

## BRIEF OF APPELLEE, MARY JUNE OWEN MERRELL

Michael C. Sartori
Texas State Bar No. 17655500
502A Houston Street
P. O. Box 1222
George West, TX 78022
Tel. (361) 449-2691
Fax. (361) 449-2380
michael@msartori.com

Attorney for Appellee
Mary June Owen Merrell

CASE NO. 13-14-00623-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI, TEXAS

G. W. KOLSTAD AND WILLIAM FRASER,
*APPELLANTS*

v.

MARY JUNE OWEN MERRELL,
*APPELLEE*

APPEAL FROM THE
156TH JUDICIAL DISTRICT COURT
LIVE OAK COUNTY, TEXAS
Cause No. L-13-0197-CV-B

_____

BRIEF OF APPELLEE, MARY JUNE OWEN MERRELL

Michael C. Sartori
Texas State Bar No. 17655500
502A Houston Street
P. O. Box 1222
George West, TX 78022
Tel. (361) 449-2691
Fax. (361) 449-2380
michael@msartori.com

Attorney for Appellee
Mary June Owen Merrell

# IDENTITY OF PARTIES AND COUNSEL

Parties:

G. W. KOLSTAD and WILLIAM FRASER                Plaintiffs/Appellants

MARY JUNE MERRELL                                Defendant/Appellee

Counsel:

S. Tim Yusuf                                      Counsel for
Pearland Town Center                             Plaintiffs/Appellants
11200 Broadway, Suite 2743
Pearland, Texas 77584
 tyusuf@yusuflegal.com

                                                 Counsel for

M. Ryan Kirby
Esperson Bldg.                                   Plaintiffs/Appellants
815 Walker St., Suite 240
Houston Texas 77002
rkirby@kmwenergylaw.com

Michael C. Sartori                               Counsel for
502A Houston Street                              Defendant/Appellee
P.O. Box 1222
George West, Texas 78022-1222
michael@msartori.com

Trial Court Judge:

Honorable Joel B. Johnson
156th Judicial District Court
Live Oak County, Texas

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PARTY AND PROPERTY ABBREVIATIONS AND RECORD REFERENCES. . 11

STATEMENT OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ISSUES PRESENTED FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

KOLSTAD'S AND FRASER'S ISSUES PRESENTED FOR REVIEW. . . . . . . . . 15

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

MERRELL'S STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

SUMMARY OF THE ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    1.    Kolstad and Fraser waived all Appellate Issues. . . . . . . . . . . . . . . . . 23

    2.    Kolstad and Fraser failed to bring forth
any summary judgment evidence
raising a fact issue to defeat Merrell's
Traditional Summary Judgment Motion.. . . . . . . . . . . . . . . . . . . . . 24

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

    1.    Kolstad and Fraser waived all Appellate Issues. . . . . . . . . . . . . . . . . 24

    2.    Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

3. The Trial Court Correctly Granted Summary Judgment on the affirmative defense of *Res Judicata*... . . . . . . . . . . . . . . . . . . . 29

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

# INDEX OF AUTHORITIES

**Texas State Cases:**

*Am. Tobacco Co. v. Grinnell,*
951 S.W.2d 420, 425 (Tex. 1997).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Amedisys, Inc. v. Kingwood Home
Health Care, LLC,* 437 S.W.3d 507,
512, 57 Tex.Sup.Ct.J. 547 (Tex. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . .27

*Amstadt v. U.S. Brass Corp.,*
919 S.W.2d 644, 652 (Tex.1996)... . . . . . . . . . . . . . . . . . . . . . . . . . . .28

*Appelton v. Appelton,* 76 S.W.3d 78, 86
(Tex.App. - Houston [14th Dist] 2002, no pet.).. . . . . . . . . . . . . . . . . . . .37, 38

*Armentor v. Kern,* 178 S.W.3d 147, 149
(Tex.App.-Houston [1st Dist.] 2005, no pet.). . . . . . . . . . . . . . . . . . . . . . .37

*Baxter v. Ruddle,* 794 S.W.2d 761, 762 (Tex.1990). . . . . . . . . . . . . . . . . . . . . . .41

*Bolling v. Farmers Branch Ind. School Dist.,* 315
S.W.3d 893, 896 (Tex.App.-Dallas 2010, rehng.
overruled, rule 53.7(f) mot. granted).. . . . . . . . . . . . . . . . . . . . . . . . . .16, 17

*Bomar Oil and Gas, Inc. v. Loyd,* 381 S.W.3d 689,
693 (Tex. App.—Amarillo 2012, pet. denied).. . . . . . . . . . . . . . . . . . . . . . . .33

*Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989)... . . . . . . . . . . . . . . . . . . . 27

*Cedars Treatment Ctr. Of DeSoto, Tex. Inc.
v. Mason,* 143 S.W.3d 794, 798 (Tex.2004).. . . . . . . . . . . . . . . . . . . . . . . . 16

*Citizens Ins. Co. of America v. Daccach,*
217 S.W.3d 430, 449 (Tex. 2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

*City of Houston v. Clear Creek Basin Authority,*
589 S.W.2d 671, 678, 679 (Tex. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . .16, 24, 26, 27

*Coker v. Coker,* 650 S.W.2d at 391, 393,
394 (Tex.1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .37

*Cook v. Cameron,* 733 S.W.2d 137,
140 (Tex.1987).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .40, 41

*Crithfield v. Boothe*, 343 S.W.3d 274, 289
(Tex.App.-Dallas 2011 no writ).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32

*Dow Chem. Co., v. Francis,* 46 S.W.3d 237,
242 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*El Paso Pipe & Supply Co. v. Mountain
States Leasing, Inc.,* 617 S.W.2d 189 (Tex.1981). . . . . . . . . . . . . . . . . . . . .40

*Ellis v. Mortgage & Trust, Inc.,* 751 S.W.2d 721,
723 (Tex. App.-Fort Worth 1988, no writ).. . . . . . . . . . . . . . . . . . . . . . . . .45

*Farm & Ranch Investors, Ltd., v. Titan Operating*,
LLC, 369 S.W.3d 679, 681 (Tex.App.-Fort Worth,
2013, rev. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132,
134 (Tex.1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .38

*Fredonia State Bank v. General American
Life Ins. Co.,* 881 SW2d 279, 284 (Tex. 1994)... . . . . . . . . . . . . . . . . . . . . .17

*Frost Nat'l Bank v. Fernandez,* 315 S.W.3d
494, 508 (Tex. 2010)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

*Glunz v. Hernandez*, 908 S.W.2d 253, 255
(Tex.App.-San Antonio 1995, writ overruled).. . . . . . . . . . . . . . . . . . . . . . .36

*Goodson v. Castellanos*, 214 S.W.3d 741, 750, 751 (Tex.Civ.App.-Austin 2007, reh'g overruled and rev. denied).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .42

*Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26, 27

*Hagan v. Hagan*, 282 S.W.3d 899, 901 (Tex, 2009). . . . . . . . . . . . . . . . . . . . .39

*Harris v.* Currie, 142 Tex. 93, 98-99, 176 S.W.2d 302 (Tex., 1943). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Heirs v. Bouligny*, 2009 WL 781860, (Tex.App-Corpus Christi 2009, reh'ng overruled, rev. denied, reh'ng pet. for rev. denied).. . . . . . . . . . . . . . . . . . . . . . .27

*Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 955 (Tex.App.-Dallas 2013, jud. affrm'd)... . . . . . . . . . . . . . . . . . . . . . . . . .16

*Hesser v. Hesser,* 842 S.W.2d 759, 764 (Tex.App.-Houston [1st Dist.] 1992, writ denied)... . . . . . . . . . . . . . . . . . . . .40

*HMS Aviation v. Layale Enterprises, S.A.*, 149 S.W.3d 182, 196 (Tex.App,-Ft. Worth 2004, rehearing overruled). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32

*Igal v. Brightstar Information Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008)... . . . . . . . . . . . . . . . . . . . . . . . .29

*In I.L.,* 389 S.W. 3d 445, Tex.Civ.App. - (El Paso 2005, no writ)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .42

*In re Guardianship of Onyebuchi*, 2014 WL 4463114, (Tex.App.-Fort Worth, 2014, reh'ng overruled, rev. denied).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

*John P. Maguire & Co., Inc. v. Hannon,*
563 S.W.2d. 844, 845 (Tex. Civ. App.
-Houston [14th Dist.] 1978, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

*Johnson v. Blount*, 48 Tex. 38, (Tex. 1877).. . . . . . . . . . . . . . . . . . . . . . .46

*Knoll v. Neblett,* 966 S.W.2d 622, 639
(Tex. App. -Houston [14th Dist.] 1998, pet. denied).. . . . . . . . . . . . . . . . . . .25

*Lone Star Cement Corp. v. Fair,* 467 S.W.2d
402, 404–05 (Tex.1971). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .45

*Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990).. . . . . . . . . . . . . .40, 41

*Matter of H.V.R.*, 974 S.W.2d 213, 215
(Tex.App.-San Antonio 1998 reh'ng overruled). . . . . . . . . . . . . . . . . . . . 42

*McConnell v. Southside Indep. Sch. Dist.*,
858 S.W.2d 337, 343 (Tex.1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16, 27

*Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985).. . . . . . . . . . . . . . . . . .40

*National Union Fire Insurance Company*
*v. CBI*, 907 SW2d 517, 520 (Tex. 1995).. . . . . . . . . . . . . . . . . . . . . . . . .37

*Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d
546, 548, 549 (Tex.1985).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

*Permian Oil Co. v. Smith*, 129 Tex. 413,
107 S.W.2d 564, 597 (Tex. 1937).. . . . . . . . . . . . . . . . . . . . . . . . . . . . .37, 45

*Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982).. . . . . . . . . . . . . . . . . . .41

*Prairie View A&M Univ. v. Chatha,*
381 S.W.3d 500 (Tex. 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Pulley v. Milberger,* 198 S.W.3d 418, 425
(Tex. App.--Dallas 2006, pet. denied)........................... 28

*Reiss v. Reiss*, 118 SW3d 439, 443 (Tex. 2003). ...................39, 40, 41

*Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217,
222–23 (Tex.1999)............................... .17, 27

*Stoner v. Thompson*, 578 S.W. 2d 679 (Tex. 1979). .................... .38

*Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860,
862 (Tex.2010). .................................. .28, 29

*Trenholm v. Ratcliff*, 646 S.W.2d 927, 934
(Tex.1983)........................................ .17

*Valadez v. Avitia*, 238 S.W.3d 843, 845
(Tex.App.-El Paso 2007 no pet.). ........................ .16

*Valence Operating Co. v. Dorsett*,
164 S.W.3d 656, 661 (Tex. 2005)......................... .26

*Vela v. City of McAllen*, 894 S.W.2d
836 (Tex. App.-Corpus Christi 1995, no pet.). ................. .34

*Vickery v. Commission for Lawyer Discipline*,
5 S.W.3d 241, 251 (Tex. 1999)........................... .45, 46

*Wal-Mart Stores, Inc. v. Alexander*,
868 S.W.2d 322 (Tex. 1993). ........................... .42

*Welch v. Hrabar,* 110S.W.3d 601,611
(Tex. App. -Houston [14th Dist.] 2003, pet. denied). ............. .25

*Withers v. Republic Nat. Bank, et al,*
248 S.W.2d 271, 281 (Tex. 1952)......................... .43

**Constitution:**

Tex. Const. Art. V, §8.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .32, 36, 41

**Statutes:**

Tex.Civ.Prac. & Rem. Code, §§16.025,
et seq. (Vernon 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .46

Tex.Civ.P.Stat.&Rem. Code, §§16.027. . . . . . . . . . . . . . . . . . . . . . . 36

Tex.Civ.P.Stat.&Rem. Code, §§ 16.028.. . . . . . . . . . . . . . . . . . . . . . 36

Tex. Gov. Code §24.007... . . . . . . . . . . . . . . . . . . . . . . . . . . . 32, 36, 41

**Rules:**

Tex.R.App.P. 9.4(i)(3).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .49

Tex.R.App.P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

Tex.R.App.P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Tex.R.App.P. 38.1(f). . . . . . . . . . . . . . . . . . . . . . . . . . . .16, 23, 25

Tex.R.App.P. 38.1(g). . . . . . . . . . . . . . . . . . . . . . . . . . .17, 18, 23, 25

Tex.R.App.P. 38.1(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

Tex.R.App.P. 38.1(i). . . . . . . . . . . . . . . . . . . . . . . . . . . .16, 17, 23, 25

Tex.R.App.P. 38.2(a)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . .13, 17

Tex.R.Civ.P. 166a(c). . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 17, 26

Tex.R.Civ.P. 296. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .39

## PARTY AND PROPERTY ABBREVIATIONS AND RECORD REFERENCES

1.  *Plaintiff/Appellant G. W. Kolstad* is abbreviated as "Kolstad" in this brief.

2.  *Plaintiff/Appellant William Kolstad* is abbreiated as "Fraser" in this brief.

3.  *Doris Fraser*, a named Defendant in the Prior Case and predecessor in interest to Fraser, is abbreviated as "Doris Fraser" in this brief.

4.  *Defendant/Appellee Mary June Owen Merrell* is abbreviated as "Merrell" in this brief.

5.  *The Prior Case.* Cause No. 6990-A, In the 36th Judicial District Court of Live Oak County, Texas, and styled "Charles R. Merrell and wife, Margie L. Merrell, Plaintiffs, vs. Mrs. Henrietta Williman, et al," filed March 29, 1989, is abbreviated as "the Prior Case" in this brief.

6.  The Final Judgment in the Prior Case, signed by District Judge Ronald M. Yeager, in the 36th Judicial District Court of Live Oak County, Texas, on May 24, 1993, is abbreviated as ""the Judgment" in this brief.

7.  *The Case on Appeal.* The case on appeal, Cause No. L-13-0197, CVB, In the 156th Judicial District Court of Live Oak County, Texas, and styled "G.W. Kolstad and William Fraser v. Mary June Owen Merrell, filed October 18, 2013, and Cause No. 13-14-00623-CV in the 13[th] District Court of Appeals, Corpus Christi-Edinburg, Texas, on appeal, is abbreviated " the Case on Appeal" in this

brief.

8.  *The Summary Judgment.* The Judgment granted on Merrell's motion for a traditional summary judgment, and on appeal in this Court, and signed and entered by Live Oak County 156th Judicial District Judge Joel B. Johnson on September 24, 2014, is referred to as "the Summary Judgment" in this brief.

9.  *Real Property Interest that is the subject of the Case on Appeal*:

    Undivided one-half (½) interest in the oil, gas and other minerals, in, on and under 62.42 acres of land, in the name of Charles R. Merrell and wife, Margie L. Merrell and having 0.09 acres in Tract 188, 25.20 acres in Tract 191, 16.09 acres in Tract 192, 13.75 acres in Tract 193, 1.47 acres in Old abandoned roadway, 5.82 acres in Tract 171, all in Block 16 of the Live Bee Subdivision No. 4, of record in Vol. 1, Page 24 of the Plat Records of Live Oak County, Texas, also being within the Festus Doyle Survey No. 4, Abstract No. 6, Live Oak County, Texas;

is abbreviated as "*the **Disputed Interest***" in this brief.

10. *Citations to the Clerk's Record.* Citation to the Clerk's Record are noted by the abbreviation "CR", followed by a colon, followed by the page number. (CR: 1)

11. *Citations to Appellee's Motion for Summary Judgment Exhibits.* Citations to Motion for Summary Judgment exhibits are noted by their Citation in the Clerk's Record and the alphabetical reference number attached to Defendant's Motion for Summary Judgment filed August 15, 2014, as follows: (CR: 111 Ex-A, et seq.)

12.    *Citations to the Appellants' Brief.* Citation to the Appellants' Brief filed June 16, 2015, is noted by the abbreviation "AB:", followed by a colon, followed by the page number. (AB: 1).

## STATEMENT OF THE CASE

This Statement of the Case is filed pursuant to Tex.R.App.P. 38.2(a)(1)(B) because of Merrell's dissatisfaction with the Kolstad's and  Fraser's Statement of the Case.

This is an affirmative defense of *res judicata* case.  The case is on appeal from a traditional summary Judgment granted by Judge Joel B. Johnson, Presiding Judge of the 156th Judicial District Court of Live Oak County, Texas, in favor of Mary June Owen Merrell, Appellee, on September 24, 2014. (CR: 358).

Prior Case.  The Prior Case is the first action in Merrell's *res judicata* defense, Cause No. 6990, *"Charles R. Merrerll, and wife, Margie L. Merrell v. Mrs. Henrietta, et al,"* 36th Judicial District of Live Oak County, Texas,  filed March 29, 1989.  The Prior Case was a Trespass to Try Title and Adverse Possession suit  (CR: 219, Ex. C). Kolstad, Appellant/Plaintiff, was  a party Defendant in the Prior Case.  Fraser, Appellant/Plaintiff, was the successor in interest to Doris Fraser, a Defendant in the Prior Case (CR: 8, 85, 312, 315).  The property that is the subject of the Case on Appeal (***Disputed Interest***) was carved out of the property that was the subject of the

Prior Case (CR: 219, CR: 5). Kolstad and Doris Fraser made an identical claim to the *Disputed Interest* in the Prior Case that Kolstad and Fraser are making in the Case on Appeal (CR: 5, CR: 239).

Case on Appeal. On October 28, 2013, Kolstad and Fraser filed a Suit to Quiet Title, Trespass to Try Title and Declaratory Judgment, against Merrell (CR: 5). Kolstad and Fraser claimed ownership of the *Disputed Interest* (CR: 5, 8). Merrell answered and, on August 15, 2014, filed a traditional motion for summary judgment based solely on the affirmative defense of *res judicata* (CR:126). On September 24, 2014, Judge Johnson granted Merrell's Motion for Summary Judgment (CR: 357).

## ISSUES PRESENTED FOR REVIEW

Kolstad and Fraser waived all appellate issues by failing to refer to the record or to cite any case law in their brief relative to their "Issues Presented for Review"(AB: 7). Without waiving her argument that Kolstad and Fraser have waived their appellate issues because their brief does not comply Tex.R.App.P. 38.1, the only issue left before this Court is Judge Johnson's granting of the summary judgment in favor of Merrell (CR: 357). Should it be determined that Merrell is in error as to Kolstad's and Fraser's waiver of appellate issues, she will hereinafter address Kolstad's and Fraser's Issues Presented for Review, as best she understands them.

<u>KOLSTAD'S AND FRASER'S ISSUES PRESENTED FOR REVIEW</u>

- Does the conveyance of mineral rights by record title owner negate the element of exclusivity prerequisite to a claim for adverse possession?

- Does the conveyance of mineral rights by record title owner constitute the exercise dominion over property?

- Does the execution of a mineral lease constitute the exercise of dominion?

- Does ambiguity in a judgment preclude res judicata?

- Does ambiguity in a judgment create a genuine issue of material fact precluding summary judgment based upon res judicata?

- Does res judicata allow a prevailing party to define an ambiguous judgment to include relief contrary to substantive law?

- Does prior litigation between parties serve as a bar to claims outside the scope of the prior judgment?

- Can an incorrect finding of fact or conclusion of law result in a void judgment immune from subsequent challenges?

- Can the improper application of *res judicata* deprive a party from an adequate remedy at law?

Merrell specifically objects to the unnumbered Issues Presented for Review as follows:

1.     None of these Issues were raised by Kolstad and Fraser either before the trial court or in response to Merrell's Motion for Summary Judgment. (CR: 347) Tex.R.Civ.P. 166a(c).

To preserve an error on appeal, Kolstad and Fraser were required to present to the trial court, by written response, any issue defeating Merrell's motion for summary judgment, raising of an issue of material fact based upon insufficiency of evidence could be raised for the first time on appeal. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 955 (Tex.App.-Dallas 2013, jud. affrm'd). The above listed "Issues Presented for Review" neither raise a material fact issue questioning Merrell's affirmative defense, nor, attack the sufficiency of Merrell's summary judgment evidence. *Cedars Treatment Ctr. Of DeSoto, Tex. Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex.2004); *See, City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979)

2.     The above issues were not "stated concisely". Tex.R.App.P 38.1(f) "Stated Concisely" is not satisfied by merely uttering brief conclusory statements unsupported by legal citations. *Id., City of Houston* at 678 (Tex.1979); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007 no pet.)

3.     A succinct, clear and accurate statement of the arguments on said issues must be made in the body of the brief, but it was not. Tex.R.App.P 38.1(i); *Bolling v. Farmers Branch Ind. School Dist.*, 315 S.W.3d 893, 896 (Tex.App.-Dallas 2010, rehng. overruled, rule 53.7(f) mot. granted).

4.     The argument on the issues must be supported by appropriate citations to

the authority and to a record reference. It was not. Tex.R.App.P 38.1(i), *Id., Bolling* at 896.

5. No issue raised an objection to the sufficiency of Merrell's summary judgment evidence, thus, the elements of *res judicata* were proved as a matter of law, and Judge Johnson's Judgment should be affirmed. *Rhone-Poulenc, Inc. v. Steel,* 997 S.W.2d 217 (Tex, 1999); Tex.R.Civ. P. 166a(c).

Courts do not have to attempt to re-draft and articulate what issues the Court believes Kolstad and Fraser may have intended to raise as error on appeal. Due to Kolstad's and Fraser's failure to comply with the requirements of Tex.R.App. P. 38, they have waived their issues on appeal. *Fredonia State Bank v. General American Life Ins. Co.,* 881 SW2d 279, 284 (Tex. 1994); *Trenholm v. Ratcliff,* 646 S.W.2d 927, 934 (Tex.1983).

STATEMENT OF FACTS

Merrell's Statement of Facts is filed pursuant to Tex.R.App.P. 38.2(a)(1)(B) because of Merrell's dissatisfaction with Kolstad's and Fraser's Statement of Facts, and subject to the hereinafter set forth objections. Kolstad's and Fraser's Statement of Facts is incomplete, unsupported by any evidence in the record, and is factually misleading.

**Specific objections to Kolstad and Fraser's statement of facts**:

Kolstad's and Fraser's Statement of Facts does not comply with Tex.R.App.P. 38.1(g) (AB: 8). A brief shall contain a concise, non-argumentative statement of the facts supported by record references. *In re Guardianship of Onyebuchi*, 2014 WL 4463114, (Tex.App.-Fort Worth, Sep. 11, 2014, reh'ng overruled, rev. denied). In Kolstad's and Fraser's brief they have referred to facts and documents that were never part of the court's record below, were facts that were not true, and law that was misapplied. Moreover, Kolstad and Merrell have referenced the Clerk's Record all but a few times in their Statement of Facts. Accordingly, Merrell challenges the Statement of Facts set out in Kolstad and Fraser's brief.

While neither material, nor subject to being corrected by the Clerk's Record, Merrell specifically objects to, and disputes, the following conclusory statements and incorrect fact statements set forth in Kolstad and Fraser's Statement of Facts:

a.      Statement of Facts, line 1, page 8, (AB: 8) Merrell does not agree nor has Merrell agreed with the statement "Parties agree to the following facts regarding the title history...."

b.      The fact recited in the first sentence of the second paragraph of the Kolstad and Fraser Statement of Facts (AB: 8) is a misstatement as to the facts set forth on page 235 of the Clerk's Record. (CR: 235) Kolstad and Fraser's version of the Statement of Facts states, in pertinent part: "In January 1989, ***Charles R. and Margie***

***L. Merrell, husband and wife, unlawfully entered***, occupied and sought to adversely possess the subject property. (AB 8)".  Page 235 of the Clerk's Record is page 17 of Merrell's predecessor in interest's Original Petition in the Prior Case (CR: 235).  The portion of the  Original Petition to which Kolstad and Fraser refer, provides, in fact, verbatim and correctly, as follows:

> "A.    That on or about the first day of January, 1989, Plaintiffs (Merrell's predecessors in interest) were in actual possession of the above-described property.  On this date, ***Defendants (Appellant G. W. Kolstad and Doris Fraser) unlawfully entered upon said lands*** and premises and withheld from Plaintiffs the possession thereof. Defendants continue to withhold the possession of the above described property."

## MERRELL'S STATEMENT OF FACTS

Before the Court is an appeal of the lower Court's ruling granting Merrell's Motion for Summary Judgment on the affirmative defense of *res judicata* (CR 358).

All of Merrell's evidence submitted with her Motion for Summary Judgment was competent summary judgment evidence, consisting of certified and/or authenticated copies, and sworn affidavits, as follows:

1.    Certified Copy of Plaintiffs' Original Petition, *G. W. Kolstad and William Fraser V. Mary Jane Owen Merrell*, Cause No.  L-13-0197-CV-B, 156th Judicial District Court, Live Oak County, Texas; (CR: 126, Ex. A. CR: 135)

2.    Certified Copy of Defendant's Second Amended Original Answer, *G. W. Kolstad and William Fraser V. Mary Jane Owen Merrell*, Cause No.  L-13-0197-CV-B, 156th Judicial District Court, Live Oak County, Texas;(CR: 126,

Ex. B, CR: 144)

3.      Certified Copy of Plaintiffs' Original Petition, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, filed March 29, 1989; (CR: 126, Ex. C, CR: 218)

4.      Certified Copy of Plaintiffs' First Amended Petition, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, filed October 23, 1991; (CR: 126, Ex. D, CR: 238)

5.      Certified Copy of Citation served upon G. W. Kolstad, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, filed April 5, 1989; (CR: 126, Ex. E, CR: 258)

6.      Certified Copy of Citation served upon Doris Fraser, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, filed April 7, 1989; (CR: 126, Ex. F, CR: 261)

7.      Certified Copy of Answers of Defendants G. W. Kolstad and Doris Fraser to Plaintiff's Original Petition, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, filed April 21, 1989;(CR: 126, Ex. G, CR: 264)

8.      Certified Copy of Statement of Facts, *Charles R. Merrell and Wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al*, Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, signed May 12, 1993; (CR: 126, Ex. H, CR: 280)

9.      Certified Copy of Judgment, *Charles R. Merrell and wife, Margie L. Merrell V. Mrs. Henrietta Willimann, et al,* Cause No. 6990-A, 36th Judicial District Court, Live Oak County, Texas, rendered, signed and entered May 12, 1993; (CR: 126, Ex. I, CR: 293)

10. Affidavit of Identity Charles R. Merrell, Margie L. Merrell and Mary June Owen Merrell, by Mary June Owen Merrell, Affiant, dated August 8, 2014; (CR: 126, Ex. J, CR: 311)

11. Affidavit of Michael C. Sartori, dated August 13, 2014; (CR: 126, Ex. K, CR: 314)

12. Certified Copy of the Probate in Cause No. 12635, *Estate of Charles Roy Merrell, Deceased*, In the County Court of San Patricio County, Texas; (CR: 126, Ex. L, CR: 317, 318)

13. Copy of Plaintiffs' Answers to Disclosures, *G. W. Kolstad and William Fraser V. Mary Jane Owen Merrell*, Cause No. L-13-0197-CV-B, 156th Judicial District Court, Live Oak County, Texas, dated June 26, 2014; (CR: 126, Ex. M, CR: 326), and

14. Certified Copy of Spanish Land Grant to Festus Doyle dated June 23, 1835, and recorded in Vol. Tr A, Page 131 of the Deed Records of Live Oak County, Texas, and in Vol. 19, Page 378 of the Deed Records of Live Oak County, Texas. (CR: 126, Ex. N, CR: 332).

**Prior Case:** On March 29, 1989, Charles R. Merrell and wife, Margie L. Merrell, filed a Trespass to Try Title and Adverse Possession suit, in Cause No. 6990-A, In the 36th Judicial District Court of Live Oak County, Texas (" the Prior Case") (CR: 218, Ex. C). A total of 141 Defendants were named in the Prior Case, which included Kolstad and Doris Fraser, plus an additional number of unknown Defendants (CR: 219-231, Ex C). The subject of the Prior Case was title to a 367.95 acre tract of land of out which the **Disputed Interest** is carved (CR: 231-234, Ex. C, CR 137-141 Ex. A). Both Kolstad and Doris Fraser were served and both filed Answers in the Prior

Case (CR: 258, Ex. E, CR: 261, Ex. F, CR: 264, Ex. G). During the pendency of the Prior Case Charles R. Merrell's wife, Margie L. Merrell, died. Charles R. Merrell continued as the sole Plaintiff (CR: 304). On May 12, 1993. a trial was held, evidence heard, and judgment entered in favor of Charles R. Merrell (CR: 293, Ex. I). The Court found that Merrell had been in actual, notorious, exclusive, hostile and adverse possession of the Property for periods of more than 5, 10 and 25 years prior to the commencement of the Prior Case (CR: 280, Ex. H, CR: 293, Ex. I). The Judgment incorporated all of the facts set out in the Statement of Facts signed and entered by the Court (CR: 280, Exc. H). Kolstad and Doris Fraser, after notice, did not appear at trial. The Judgment as to Kolstad and Fraser was a "post answer default judgment" (CR: 293, Ex. I), entered after a trial, hearing of evidence and the Plaintiff proving his case. The Judgment is a final judgment, it was neither appealed nor was a bill of review filed.

**Case on Appeal:** Twenty years later, and three years after the discovery of the existence of the Eagle Ford Shale sands underlying the **_Disputed Interest_**, Kolstad and Fraser filed the Case on Appeal, a Trespass to Try Title and Suit to Quiet Title action, against Merrell (CR: 5). The Case on Appeal alleges a title dispute over the **_Disputed Interest_**, carved out of the property in the Prior Case; the Prior Case being where the Plaintiff, Kolstad was a Defendant, and Plaintiff Fraser, a successor in interest to Doris

Fraser, a Defendant in the Prior Case(CR: 6, CR: 230, Ex. C). The Case on Appeal has been brought in the 156th District Court of Live Oak County, Texas, a sister Court to the Court in the Prior Case, the 36th District Court of Live Oak County, Texas (CR: 5). In the Case on Appeal Kolstad and Fraser claim that the Prior Case had not divested Kolstad and Fraser of title to the **Disputed Interest** because the Judgment did not extend back to a time prior to an alleged 1970 severance of the surface and mineral estates (CR: 8) This is an incorrect statement of fact, not supported by summary judgment evidence nor the Statement of Facts (CR: 281).

Merrell answered the Case on Appeal raising, numerous defenses and denials, including, the affirmative defense of *res judicata* based on the Prior Case(CR: 53).

Merrell filed a Motion for a Traditional Summary Judgment. Judge Johnson heard the motion on submission (CR: 126). Kolstad and Fraser filed a Response to Merrell's motion (CR: 341) and Merrell, a reply to such responise. (CR: 347). The Court granted Merrell's motion for summary judgment (CR: 357).

SUMMARY OF THE ARGUMENT

1. **Kolstad and Fraser waived all Appellate Issues.**

Kolstad and Fraser failed to comply with the Tex.R.App.P, Rule 38.1(f)(g)(i), by failing to state the issues presented concisely; by failing to concisely and without argument state the facts pertinent to the issues presented; by not containing a succinct,

clear and accurate statement of the argument made in the body of the brief; not stating a clear and concise argument for the contentions made; and by failing to include appropriate citations to authorities and the record. Accordingly, Kolstad and Fraser waived all appellate issues leaving nothing for this Court to consider.

2. **Kolstad and Fraser failed to bring forth any summary judgment evidence raising a fact issue to defeat Merrell's Traditional Summary Judgment Motion.**

Alternatively, and without waiving the foregoing, the Trial Court did not err in granting Merrell's motion for summary judgment. Merrell proved all elements of her affirmative defense of *res judicata*, and that there are no genuine issues of material fact, as a matter of law. Kolstad and Fraser failed to bring forth any summary judgment evidence to raise, nor did they ever raise, an issue of material fact to defeat Merrell's traditional summary judgment. When Merrell proves as a matter of law, all of the elements of her affirmative defense and there are no issues of material fact, and Kolstad and Fraser fails to raise a genuine material fact issue, including insufficiency of the evidence, the trial court had no choice but to grant Merrell's traditional summary judgment. *Id., City of Houston* at 678.

## ARGUMENT

1. ***Kolstad and Fraser waived all Appellate Issues.***

Kolstad's and Fraser's brief does not comply with Texas Rules of Appellate

Procedure. Kolstad and Fraser failed to state a clear and concise argument for the contentions they made and failed to include an argument, appropriate citations to authorities and the record, on the issues that they claimed to have raised in their brief; their issues, as presented, do not comply with Tex.R.App.P. 38.1(f); their Statement of Facts references documents that do not qualify as summary judgment evidence; are not material to the Case on Appeal; the majority are without record references reference; and failed to comply with Tex.R.App.P, Rule 38.1(g). Their summary of the argument does not comply with Tex.R.App.P. Rule 38.1(h), since it does not make succinct, clear and accurately, the arguments made in the body of the brief. The Argument is not supported by a clear and concise for the contentions made and does not comply with Tex.R.App.P. Rule 38.1(i). Accordingly, Kolstad and Fraser have waived all appellate issues and there is nothing for this Court to consider.

For an issue to be properly before the court on appeal, it must be supported by argument and authorities. *Welch v. Hrabar,* 110S.W.3d 601,611 (Tex. App. -Houston [14th Dist.] 2003, pet. denied), citing *Knoll v. Neblett,* 966 S.W.2d 622, 639 (Tex. App. -Houston [14th Dist.] 1998, pet. denied). The Issues Presented for Review by Kolstad and Fraser are not supported by any argument or authorities (AB: 7, 11). Failure to cite any cases to support an issue is improper, is not condoned, and the issue is waived. *John P. Maguire & Co., Inc. v. Hannon,* 563 S.W.2d. 844, 845 (Tex. Civ.

App. -Houston [14th Dist.] 1978, no writ). Not one issue presented for review by Kolstad and Fraser has been supported by any case law(AB: 7, 11).

## 2. Standard of Review

Appellate courts review a trial court's ruling on a traditional motion for summary judgment *de novo*. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The movant for a traditional summary judgment has the burden of showing that there is no genuine issue of material fact and is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). To be entitled to summary judgment based on an affirmative defense, as in this case, the movant must establish each element of the affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once a right to summary judgment has been established as a matter of law, the burden of proof shifts to the non-movant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See Id., City of Houston,* at 678–79. Summary judgment evidence is considered in the light most favorable to the non-movant, all reasonable inferences are indulged, and all doubts are resolved in favor of the non-movant. *Id.*, at 678; *Id.*, *Nixon*, at 548-49. "Evidence favorable to the movant, however, will not be considered unless it is uncontroverted." *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*,

391 S.W.2d 41, 47 (Tex.1965); *Heirs v. Bouligny*, 2009 WL 781860, (Tex.App-Corpus Christi 2009, reh'ng overruled, rev. denied, reh'ing of pet. for rev. denied). When the summary judgment order does not specify the grounds on which it was granted, as in this case (CR: 357), the "summary judgment will be affirmed on appeal if any of the theories advanced are meritorious." *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). The sole basis for the motion for summary judgment in the Case on Appeal is the affirmative defense of *res judicata*. (CR:26) A non-movant who fails to raise any issues in response to a summary judgment motion may still challenge, on appeal, "the legal sufficiency of the grounds presented by the movant." See, *Id., City of Houston*, at 678-79; *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 343 (Tex.1993). "The non-movant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense. The trial court may not grant summary judgment by default because the non-movant did not respond to the summary judgment motion when the movant's summary judgment proof is legally insufficient." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 512, 57 Tex.Sup.Ct.J. 547 (Tex. 2014); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex.1999). In the case at bar, Merrell proves all of the elements of the affirmative defense of *res judicata* as a matter of law. Kolstad and Fraser offered no summary judgment evidence. In the trial court and in the appeal Kolstatd and Fraser have not raised any issue of fact,

including insufficiency of evidence, as to Merrell's proof.

Kolstad and Fraser appear to be retrying and trying the issues raised in the Prior Case and the Case on Appeal and ignore the issues of the affirmative defense of *res judicata*. Their arguments do not appear to recognize that an affirmative defense is a matter asserted in avoidance of a party's argument or position, rather than a matter asserted in denial of that party's position. *Pulley v. Milberger*, 198 S.W.3d 418, 425 (Tex. App.--Dallas 2006, pet. denied). "Pleading an affirmative defense permits the introduction of evidence, which does not tend to rebut the factual propositions asserted in the plaintiff's case, but seeks to establish an independent reason why the plaintiff should not recover." *Id.*

To be entitled to summary judgment on the affirmative defense of *res judicata*, the movant must establish as a matter of law: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that involved the same parties or those in privity with them as the second action; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 862 (Tex.2010); *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). "The judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit ." *Id.,*

*Travelvers,* at 862.

3. ***The Trial Court Correctly Granted Summary Judgment on the affirmative defense of Res Judicata.***

Twenty years ago Merrell's predecessor in interest obtained Judgment in fee simple title to the ***Disputed Interest***, as well as to that of the lands surrounding the ***Disputed Interest***. (CR: 293, Ex. I) G. W. Kolstad and Doris Fraser filed answers in the Prior Case claiming title to the ***Disputed Interest*** being the same interest they claim on the Case on Appeal. (CR: 264, Ex. G) G. W. Kolstad and Doris Fraser did not appear at trial and the Judgment was entered, made final, in Plaintiff's favor (CR: Ex. I, 293). The Judgment is final and no appeal was taken and no bill of review sought. No reservations or exceptions appear in the Judgment, it included both the surface and the mineral estate. *Harris v.* Currie, 142 Tex. 93, 98-99, 176 S.W.2d 302, *Farm & Ranch Investors, Ltd., v. Titan Operating, LLC,* 369 S.W.3d 679, 681 (Tex.App.-Fort Worth, 2013, rev. denied). In October of 2013, Kolstad and Fraser filed suit against Merrell claiming title to the ***Disputed Interest*** (CR: 5). Merrell answered, and raised, amongst others, the affirmative defense of "*res judicata*" (CR: 53).

Merrell's burden is to prove the three (3) elements of *res judicata*, as well as the absence of an issue of material fact, all as a matter of law. *Igal v. Brightstar Information Tech. Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008), abrogated by statute on other

grounds as stated in *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. 2012); see also *Citizens Ins. Co. of America v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

Neither Kolstad and Fraser's Response to Merrell's Motion for Summary Judgment (CR: 347), nor Appellate Brief (AB: 11) contradict or even address Merrell's evidence proving the three (3) elements of *res judicata*, nor that the summary judgment evidence is lacking in sufficiency, as a matter of law. Regardless, Merrell will, in an abundance of caution, and in order to provide a clear analysis of the facts and application of the law to the facts, and address the possible issues raised by Kolstad and Fraser in their response to Merrell's Motion for Summary Judgment and/or brief, and discuss the elements of *res judicata* and the evidence supporting their proof as a matter of law.

1. **A prior final judgment on the merits by a court of competent jurisdiction**.

The Judgment of the 36th Judicial District Court of Live Oak County, Texas, dated May 12, 1993, is a prior final judgment on the merits by a court of competent jurisdiction (CR: 293, Ex. I). A certified copy of the Judgment was filed by Merrell and attached to her Motion for Traditional Summary Judgment (CR: 126, Ex. I). The Judgment was authenticated by the Affidavit of Michael C. Sartori dated August 8, 2014 (CR: 193, Ex. I, CR: 314, Ex. K). In response to Merrell's Motion for Traditional Summary Judgment (CR: 341), Kolstad and Fraser appear to question the jurisdiction of the Court in the Prior

Case, and claim that without jurisdiction, the Court's Judgment was void and subject to collateral attack, as follows:

a.      "Introduction ... the Judgment could not have disposed of Plaintiffs' mineral rights without being void as a matter of law." (CR: 341)

b.      "....For the doctrine of *res judicata* to apply in a subsequent proceeding, the original judgment must not be void nor contain fundamental error." (CR: 344)

c.      "*if* Defendant(Merrell) alleges that the prior Judgment granted mineral rights, the judgment would be void because it granted property upon which it did not have *in rem* jurisdiction." (CR: 344)

d.      "If the court rendering the original judgment lacked jurisdiction or power to issue the judgment rendered as to the parties, the judgment is void and cannot operate as *res judicata* in a subsequent proceeding." (CR: 344)

e.      "Such judgment can be collaterally attacked." (CR: 344)

f.      "A judgment is void when the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." (CR: 344-345)

Kolstad and Fraser have not raised the issues of jurisdiction, or void judgment, in their Response to Merrell's Motion for Summary Judgment or in their "Issues Presented for Review" above.  But they do mention and imply a "void judgment" once

in their Summary of the Argument (AB 11); and once in their Argument (AB 15). Kolstad and Fraser also claim that the Judgment contained "Fundamental Error", and, therefore, can be collaterally attacked (AB 15).

### *Jurisdiction*

The District Court in the Prior Case (36th Judicial District Court of Live Oak County, Texas), had subject matter jurisdiction under the Texas Constitution and the Texas Government Code. Tex. Const. Art. V, §8; Tex. Gov. Code §24.007.

The Court had *in rem* jurisdiction of the property in dispute in the Prior Case, the property being located in Live Oak County, Texas, (CR: 159, 170, 179, 228) *Crithfield v. Boothe*, 343 S.W.3d 274 (Tex.App.-Dallas 2011 no writ); *HMS Aviation v. Layale Enterprises, S.A.*, 149 S.W.3d 182 (Tex.App,-Ft. Worth 2004, rehearing overruled).

In their jurisdictional arguments, Kolstad and Fraser repeatedly have raised the issue of whether the **Disputed Interest** was included in the Judgment, the time of severance of the mineral estate, and whether the Court in the Prior Case had *in rem* jurisdiction over the the mineral estate in and to the lands covered by the Judgment in the Prior Case. (CR: 7). Kolstad and Fraser have provided no summary judgment evidence proving or contradicting Merrell's claim to ownership of the **Disputed Interest** by reason of the Judgment in the Prior Case. Kolstad and Fraser no not address the issues of *res judicata,* but rather, whether or not the title awarded by the Judgment included the

mineral estate. There is no summary judgment as to severance, nor is their any issue of mineral reservations or exceptions, nor is this issue properly raised in any manner by Kolstad and Fraser. Kolstad and Fraser have provided no argument, no authority of summary judgment evidence that would, in any manner, raise the issue as to whether the 36th Judicial District Court of Live Oak County, Texas, did or did not have *in rem* jurisdiction over the **Disputed Interest**, especially in that the **Disputed Interest** was an undivided interest in a portion of the property that was the subject of the Prior Case. (CR: 238, Ex.D).

In that Merrell has the burden of proof to prove this first element of *res judicata* and a lack of any material issue of fact, as a matter of law, Merrell would bring the reviewing Court's attention to the following:

1. The Court in the Prior Case found that "The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties." (CR: 293, Ex. I)

2. Kolstad and Fraser judicially admitted that in the Case on Appeal, as to the **Disputed Interest**, "This Court has subject matter jurisdiction because this suit seeks to establish title on real property" (the **Disputed Interest** located in Live Oak County, Texas), that is the subject of the Case on Appeal and also the same property that was the subject of the Prior Case (CR: 6). *Bomar Oil and Gas, Inc. v. Loyd*, 381 S.W.3d 689, 693 (Tex. App.—Amarillo 2012, pet. denied); *Vela v. City of McAllen*, 894 S.W.2d 836

(Tex. App.-Corpus Christi 1995, no pet.)

3.      Kolstad and Fraser offered no summary judgment evidence to support any of the jurisdictional claims made in their Argument.  They do argue, without competent summary judgment evidence, the claim that the **_Disputed Interest_** was severed from the surface estate in 1970, in their response to Merrell's summary judgment motion. (CR: 347, 343).  On this issue, the Judgment in the Prior Case, whose contents have not been challenged,  speaks for itself, in pertinent part (CR: 341)(CR: 293, 304-306, Ex. I), as follows:

> *"2.     As to Plaintiffs' claim of ownership the Court finds that:*
>
> *a.      At all times mentioned and relevant to this action Plaintiff was and is now, lawfully ceased and possessed of the Property owning and claiming the same in fee simple.*
>
> *b.      Plaintiff has been in actual, open, peaceable notorious, exclusive, hostile and adverse possession of the Property, claiming under Deed dated October 31, 1975, and duly registered and recorded in Vol. 265, Page 436 of the Deed Records of Live Oak County, Texas, for more than five (5) years preceding the commencement of this action.  During this period, Plaintiff has continuously cultivated, used or enjoyed these premises and paid the taxes on the Property as they became due, and before delinquency.*
>
> *c.      <u>Plaintiff has been in actual, open, peaceable, notorious, exclusive, hostile and adverse possession of the Property for more than ten (10) years preceding the commencement of this action.</u>  During this period Plaintiff's possession has been continuous and not interrupted by adverse suit to recover the same.  Plaintiff has cultivated, fenced, used and enjoyed these premises continuously during the entire period of his*

*possession.*

> *d.    Plaintiff and Plaintiffs' predecessors in interest have been in actual, open, peaceable, notorious, exclusive, and adverse possession of the Property for a period of more than twenty-five (25) years preceding the commencement of this action.  During such period Plaintiff and his predecessors in interest have held the Property under claim of right, in good faith and under duly recorded deed purporting to convey the Property.*

> *e.    Plaintiff and Plaintiffs' predecessors in interest have been in actual, open, peaceable, notorious, exclusive, and adverse possession of the Property for a period of more than twenty-five (25) years preceding the commencement of this action.  Plaintiff has been and now is cultivating, using and enjoying these premises continuously during the entire period of Plaintiff's possession.*

> *f.    Plaintiff and Plaintiffs' predecessors in interest have openly exercised dominion over and asserted claim to the Property, paying taxes on these premises annually before such taxes become delinquent, for over twenty-five (25) years before the commencement of this action.  The persons holding the apparent record title to the Property, or portions thereof, have not exercised dominion over the property and have not paid taxes on the property at any time or for one or more years during the twenty-five (25) years preceding the commencement of this action.*

> *3.    That the ownership of the Property which is the subject of Plaintiff's suit is vested one hundred percent (100%) in the Plaintiff.*

Kolstad and Fraser ignored all parts of the foregoing provisions of the Judgment with the exception of, and limited to subparagraph 2.(b), above, and paying particular attention to the time set out in such finding: *"Plaintiff has been in actual, open, peaceable notorious, exclusive, hostile and adverse possession of the Property,*

***claiming under Deed dated October 31, 1975, and duly registered and recorded in Vol. 265, Page 436 of the Deed Records of Live Oak County, Texas"*** (CR: 342, 345). Kolstad and Fraser, citing to this subparagraph claim that Merrell's predecessor in interest did not make any adverse possession claim to the property prior to the October 31, 1975, date of said deed, but totally ignore the remaining findings of the Court. The Judgment speaks for itself. The Judgment included the ***Disputed Interest.*** As state above, when a summary judgment Judgment, as here, does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chem. Co., v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001). Merrell's predecessor in interest's Judgment in the Prior Case was based upon all grounds, including, but not limited to the 25-Year limitation period statues, Tex.Civ.P.Stat.&Rem. Code, §§16.027 and 16.028, and their predecessors.

The District Court had personal jurisdiction over both G. W. Kolstad and Doris Fraser, two of the Defendants in the Prior Case. Both G. W. Kolstad and Doris Fraser were served with citation and voluntarily filed answers in the Prior Case, and made no special appearance nor object to the jurisdiction of the Court (CR: 258-279, Ex. E, F and G).

The Judicial District Courts of Live Oak County had jurisdiction to act as a

court in Trespass to Try Title suits. *Glunz v. Hernandez,* 908 S.W.2d 253, (Tex.App.-San Antonio 1995, hearing of writ of error overruled); Tex. Const. Art. V, §8; Tex. Gov. Code §24.007.

Kolstad and Fraser in the above fourth (4th), fifth (5th) and sixth (6th) of their unnumbered "Issues Presented for Review", appear to collaterally attack the Judgment in the Prior Case based upon "ambiguity," which unless the Judgment is void, they cannot do." *Armentor v. Kern,* 178 S.W.3d 147, 149 (Tex.App.-Houston [1[st] Dist.] 2005, no pet.)  These issues read as follows:

"4.     Does ambiguity in a judgment preclude *res judicata*?

5.     Does ambiguity in a judgment create a genuine issue of material fact precluding summary judgment based upon *res judicata*?

6.     Does *res judicata* allow a prevailing party to define an ambiguous judgment to include relief contrary to substantive law?"

In interpreting a judgment as to the issue of ambiguity, courts treat a judgment like a written contract. *Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564, 597 (Tex. 1937)    Whether a judgment is ambiguous or not is a question of law. *Coker v. Coker*, 650 S.W.2d at 391, 393 (Tex.1983). If a judgment is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous. *National Union Fire Insurance Company v. CBI,* 907 SW2d 517, 520 (Tex. 1995); *Coker*, at 394

(Tex.1983). The 14th District Court of Houston, in *Appelton v. Appelton,* 76 S.W.3d 78, 86 (Tex.App. - Houston [14[th] Dist] 2002, no pet.), was faced with the question as to whether or not ambiguity in a judgment would preclude the bar of *res judicata*. Just because the parties disagree about the proper construction of the judgment does not mean the judgment is ambiguous. Conflicting interpretations of a judgment, and even unclear or uncertain language, do not necessarily mean a judgment is ambiguous. There was no issue of ambiguity raised in the trial court nor is the issue directly or indirectly mentioned or raised in Kolstad's and Fraser's Response of Merrell's Motion for Summary Judgment or any other answer or motion before the trial court. It is mentioned only in Kolstad's and Fraser's brief (AB 7), where there is no cite to any authority nor record reference supporting an ambiguity issue. The Court in *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex.1994), having noted that the issue of ambiguity had not been raised in the trial of the prior case, and that no summary judgment evidence had been offered in either the Response to the Motion for Summary Judgment nor in any summary judgment brief that raised a genuine issue of material fact of ambiguity to the affirmative defense of *res judicata* overruled the issue raised by the Appellant. *Id, Appelton,* at 86.

As to Kolstad and Fraser, it should be noted that the Judgment is a "post answer default judgment", that is a judgment where the Defendant's appeared and answered

but did not appear at trial. *Stoner v. Thompson*, 578 S.W. 2d 679 (Tex. 1979), (CR: 293, Ex. I). According to the Statement of Facts and the Judgment it is clear that the Judgment was not based upon the pleadings but upon evidence presented to the Court, the Judgment covered all of the issues raised at the trial, the same being the issues encompassing all of the Plaintiff's claims in the Prior Case (CR: 293, Ex. I). Kolstad and Fraser have tendered no summary judgment evidence, nor raised any fact issue of ambiguity, nor cited any record reference to ambiguity, nor cited to any cases supporting a claim of ambiguity, the issue of ambiguity, having never been raised, is waived and cannot be used to collateral attack the Judgment. *Hagan v. Hagan*, 282 S.W.3d 899, 901 (Tex, 2009); *Reiss v. Reiss* 118 S.W.3d 439, 443 (Tex, 2003).

Kolstad and Fraser, in the eighth (8th) of their unnumbered Issues Presented for Review, question as whether or not the Judgment is void, as follows:

"Can an incorrect finding of fact or conclusion of law result in a void judgment immune from subsequent challenges?"

Tex.R.Civ.P. 296, entitled "Requests for Findings of Facts and Conclusions of Law" provides in pertinent part as follows: "...any party may request the court to state in writing its findings of fact and conclusions of law." No such request is found in the record before the Court in the Prior Case. There is, however, a Statement of Facts, signed by the Court and incorporated verbatim into the Judgment in the Prior Case.

(CR: 280, Ex. H, 293, Ex. I). No objection was made in the Prior Case nor in the Kolstad's and Fraser's Response to Merrell's Motion for Summary Judgment to <u>any</u> fact set out in the Judgment or Statement of Facts in the Prior Case (CR: 341). Kolstad and Fraser have not referred to any portion of the record nor cited to any legal authority in regard to all or any part of the Statement of Facts that contains an error. This being so, any claim of a void judgment, has been waived.

However, if the Court had erred in its Statement of Facts, and **if** Kolstad and Fraswer's predecessor in interest, had raised the issue in the Prior Case, such error would not have resulted in a void judgement but at most, if proven true, would have only resulted in a voidable judgment. In a case where the trial court had mis-characterized the Husband's retirement benefits as community property, on appeal the Supreme Court in *Reiss v. Reiss*, 118 SW3d 439, 443 (Tex. 2003) held as to such issue, as follows:

> "In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (per curiam) (citing <u>Cook v. Cameron, 733 S.W.2d 137, 140 (Tex.1987)</u>). Errors other than lack of jurisdiction, such as "a court's action contrary to a statute or statutory equivalent," merely render the judgment voidable so that it may be "corrected through the ordinary appellate process or other proper proceedings." *Id.* (citing *El Paso Pipe & Supply Co. v. Mountain States Leasing, Inc.,* 617 S.W.2d 189 (Tex.1981) and *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985)).

"The trial court in this case incorrectly characterized all of the benefits accrued under the pension plan as community property in the Reisses' divorce decree, and the judgment was voidable if properly appealed. *Mapco, Inc.,* 795 S.W.2d at 703. But the judgment is not void because a court has jurisdiction to characterize community property-even if it does so incorrectly. *See Hesser v. Hesser,* 842 S.W.2d 759, 764 (Tex.App.-Houston [1st Dist.] 1992, writ denied). Absent an appeal, the judgment became final, and Edwin may not now collaterally attack the court's division of property in the decree. *Cook,* 733 S.W.2d at 140; *Baxter v. Ruddle,* 794 S.W.2d 761, 762 (Tex.1990)."

Kolstad and Fraser have made numerous allegations that the Judgment in the Prior Case is void. As is quoted above, "In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void." *Id., Reiss* at 443; *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990). Kolstad and Fraser have failed to provide any summary judgment evidence or raised any valid issue or claim that the Court in the Prior Case had no jurisdiction over: (a) the persons before the Court, all of whom appeared voluntarily; (CR: 293, Ex. I) (b) the property covered by the Prior Case, the same being in Live Oak County, Texas; (CR: 293, Ex. I) ( c) and the subject matter of the Prior Case being a Trespass to Try Title action. (CR: 293, Ex. I); Tex, Const. Art. V, §8, Tex. Gov. Code §24.007.

However, Kolstad and Fraser have attempted to raise the issue of "Fundamental Error". In 1982, the Supreme Court held that a judgment which involved Fundamental

Error created a jurisdictional issue and could be asserted and used to collaterally attack a judgment. *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982). Fundamental Error has been described in several ways, for example:

(1) "An error is fundamental only if it was so egregious and created such harm that the appellant was denied a fair and impartial trial; *In I.L.,* 389 S.W. 3d 445, Tex.Civ.App. - (El Paso 2005, no writ).

(2) "the public interest is directly and adversely affected as that interest is declared in the statutes or the Texas Constitution; *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322 (Tex. 1993) or

(3) "an error in a divorce case which has the effect of placing the stigma of illegitimacy upon a minor child; *Matter of H.V.R.*, 974 S.W.2d 213, 215 (Tex.App.-San Antonio 1998 rehearing overruled).

Due to courts favoring preservation of error during trial or during appeal, the "fundamental error" doctrine has been discredited and is used only in rare circumstances only. *Goodson v. Castellanos*, 214 S.W.3d 741 (Tex.Civ.App.-Austin 2007, reh'ng overruled and review denied.) The case at bar is not a rare circumstance.

The Judgment in the Prior Case contains a final decision on the merits, made by the 36th Judicial District Court of Live Oak County, Texas, in its judicial capacity. The trial court properly granted summary judgment to the extent required of the first

element of *res judicata*. The first element was proven as a matter of law. Merrell has shown that there are no questions of material fact as to such element. Kolstad and Fraser have not raised any issues of material facts, including a claim of insufficiency of evidence, as to such element.

**2.      The same parties or those in privity with them.**

a.      Merrell is the successor in interest to Charles R. Merrell, the sole Plaintiff in the Prior Case at the time of Judgment. (CR: 189, CR: 293, 304, Ex. I, CR: 311, Ex. J, CR: 314, Ex. K, CR: 317, Ex. M)

b.      Kolstad is the same person as G. W. Kolstad, a Defendant in the Prior Case. (CR: 6)

c.      Fraser is the same person as William Fraser, successor in interest to Doris Fraser, a Defendant in the Prior Case. (CR: 6)

Kolstad and Fraser have made no objection to the fact that they or either of them are, as to the ***Disputed Interest***, the same parties as or in privity with G. W. Kolstad and Doris Fraser, Defendants in the Prior Case. Based upon the summary judgment evidence provided by Merrell, she has proven the second element of *res judicata* as to parties and privity with parties and the absence of questions of material fact, as a matter of law. *See*, *Withers v. Republic Nat. Bank, et al,* 248 S.W.2d 271, 281 (Tex. 1952) (CR 6, 312, AB 2, 3).

**3. A second action based on the same claims as were raised or could have been raised in the first action.**

Kolstad's and Fraser's Original Petition in the Case on Appeal is a Suit to Quiet Title, a Trespass to Try Title suit, a Declaratory Judgment, and damages, in reference to the ***Disputed Interest***. In such case Kolstad and Fraser are making the same claims as Kolstad and Doris Fraser made or could have been raised by them in the Prior Case. The Prior Case was a Trespass to Try Title Suit covering lands of which the ***Disputed Interest*** is a part. (CR: 5, CR: 238, Ex. D)

Kolstad and Doris Fraser in the Prior Case claimed an undivided one-half (½) mineral interest, the ***Disputed Interest***, as is claimed by Kolstad and Fraser in the Case on Appeal. (CR: 264, 266, Ex. G, CR: 5, 7).

Kolstad and Fraser appear to claim without summary judgment evidence the severance of the surface estate and the mineral estate took place in 1970, as to the ***Disputed Interest***, prior to what they appear to claim is the commencement of adverse possession by Merrell's predecessor in interest in order to have the Court declare that the Judgment in the prior case did not divest Kolstad and Doris Fraser of their claimed ***Disputed Interest***, and that such claim be quieted by removing Merrell's claim to the ***Disputed Interest***. Without ruling on whether or not these facts are true and correct, Kolstad and Fraser have offered no competent summary judgment evidence to support

such facts, regardless of whether they raise a material fact question or not, and regardless of any effect they might or might not have on the third (3) element of *res judicata*. These issues have not been property raised. Further, the claims as to severance of the surface and mineral estate are barred by the doctrine of *res judicata* because the issues of severance, when, if, etc., are all claims that Kolstad and Doris Fraser could have raised and did make in the Prior Case. The Judgment reads:

"The Court, **after hearing the evidence** and arguments of counsel, finds that:
...
"2.     As to Plaintiff's claim of ownership the Court finds that:
...
"Plaintiff and Plaintiffs' predecessors in interest have been in actual, open, peaceable, notorious, exclusive, and adverse possession of the Property for a period of more than twenty-five (25) years preceding the commencement of this action."

The same rules of interpretation apply in construing a Judgment as in construing other written instruments. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971) (If a judgment is unambiguous with no room for interpretation, it is our duty to declare its effect in light of the literal language used*); Permian Oil Co. v. Smith*, 129 Tex. 413, 107 S.W.2d 564 (Tex. 1937)*; Ellis v. Mortgage & Trust, Inc.*, 751 S.W.2d 721 (Tex. App.-Fort Worth 1988, no writ). As a matter of law, there is no ambiguity in the Judgment. The Property in issue in both cases is contained within the Festus Doyle Survey No. 4, Abstract No. 6. The Festus Doyle Abstract was conveyed by Spanish Grant to Festus Doyle on June 23, 1835. There is a presumption of facts in

existence to support the Judgment. *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241 (Tex. 1999). The presumption of validity will supply by implication every proof, element, factual finding, or proper application of the law needed to support the judgment, and no presumption will be indulged against the validity of the judgment. *Johnson v. Blount*, 48 Tex. 38, (Tex. 1877); *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex.Civ.App.-Houston (14th Dist.)1999, rehrg. overruled, rev. denied). As to judgments the Texas Supreme Court has stated:

> "Moreover, the presumption of validity extends to judgments derived with or without the benefit of a jury. In fact, the presumption of validity is perhaps even stronger in a bench trial where an experienced judge exercises the functions of a jury and is charged with the responsibility of assessing the credibility of the witnesses, logically evaluating the evidence, rationally resolving factual disputes on the basis of such evidence, and correctly applying the law to the facts.... These things the trial court is presumed to have done because the judge is assumed to have conscientiously done his duty."

The Merrell's predecessor in interest in the Prior Case claimed title to the Property by adverse possession under Tex.Civ.Prac.&Rem. Code, Limitations of Real Property Actions, §§16.025, et seq. The Judgment entered May 12, 1993, recited that the Court read and considered all of pleadings filed in the case, including the Defendants', G. W. Kolstad and Doris Fraser's, Original Answer, and heard all of the evidence and found all of the facts as set out in the Plaintiff's pleadings as true and correct and entered in favor of the Plaintiff, Charles R. Merrell, all of the relief as

requested by Plaintiff. The Judgment and Statement of Facts clearly do not support Kolstad's and Fraser's contention as to the time of the severance of the surface and mineral estate.

Kolstad and Fraser have made no claim that the Case on Appeal does not involve same claims as were raised or could have been raised in the Prior Case, in fact, they claim that the same issues were involved (CR: 5, 265).

Merrell has, by the submission of competent summary judgment evidence, proven as a matter of law, without the existence of any material fact including the insufficiency of evidence, the third element, as well as all of elements, of the affirmative defense of *res judicata.*

## Prayer

The doctrine of *res judicata* bars all of Appellants' causes of actions and claims in the instant case. Appellants' current claims and issues were litigated in the Prior Case or, alternatively, could have been litigated in the earlier lawsuit as they arose from the same subject matter. Therefore, the Court should affirm in all respects the trial court's grant of summary judgment and overrule the Appellants issues for review. Merrell also prays for any further relief , both general and specific, at law or in equity to which she may be entitled.

*/s/ Michael C. Sartori*

_____
Michael C. Sartori
Texas State Bar No. 17655500
502A Houston Street
P. O. Box 1222
George West, TX 78022
Tel. (361) 449-2691
Fax. (361) 449-2380
michael@msartori.com
Attorney for Appellee
Mary June Owen Merrell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of July 2015, a true and correct copy of the attached and foregoing Appellee's Brief was electronically filed with the Clerk of the Court for the 13th Circuit Court of Appeals, and a copy of the foregoing Appellee's Brief electronically served upon Counsel for Appellants.

Counsel or Appellants G. W. Kolstad and William Fraser.

S. Tim Yusuf
State Bar No. 50511534
Pearland Town Center
11200 Broadway, Suite 2743
Pearland, Texas 77584
Telephone:   866-249-7633
Facsimile:    866-249-7635
tyusuf@yusuflegal.com

KIRBY, MATHEWS & WALRATH, PLLC
M. Ryan Kirby
State Bar No. 24036915
Esperson Building

815 Walker St., Suite 240
Houston, TX 77002
Telephone: (713) 489-4620
Telecopier: (713) 489-4619
Rkiby@kmwenergylaw.com

/s/ Michael C. Sartori

_____
MICHAEL C. SARTORI

CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Corel, WordPerfect 7 and contains 8,488 words as determined by the computer software's word-count function and complies with Tex.R.APP.P 9.4(i)(3).

/s/ Michael C. Sartori

_____
MICHAEL C. SARTORI